Kristin Grant (KG0303)
Grant Attorneys at Law PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
T: 212-520-6633
F: 646-952-7733

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| AMUSERMENT & MUSIC OWNERS ASSOCIATION OF NEW YORK, INC., a New York Corporation<br><br>Plaintiff,<br><br>-against-<br><br>CMG VENDING ENTERPRISES INC., a New York Corporation, HOWARD PRESCHEL, and LAURENCE PRESCHEL (a/k/a LARRY PRESCHEL)<br><br>Defendants. | Civil Action No. <u>17-371</u><br><br>**COMPLAINT**<br><br>JURY DEMAND |

_____

Plaintiff Amusement & Music Owners Association of New York, Inc. ("AMOA-NY" or "Plaintiff"), by its counsel, for its Complaint against CMG Vending Enterprises Inc. ("CMG"), Howard Preschel ("Howard Preschel"), and Laurence Preschel a/k/a Larry Preschel ("Larry Preschel") (each a "Defendant" and collectively, the "Defendants"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This an action for copyright infringement under the United States Copyright Act of

1976, as amended, 17 U.S.C §101, et seq. (the "Copyright Act"), and for unjust enrichment. This action arises out of Defendants' unauthorized use of AMOA-NY's copyright-protected proprietary agreements in furtherance of Defendants' business dealings.

## THE PARTIES, JURISDICTION AND VENUE

1. AMOA-NY is a not-for-profit corporation organized and existing under the laws of the State of New York with its principal place of business at 72-10 51st Road, Woodside, New York 11377. AMOA-NY is a membership based organization formed in 1996, providing support and advocacy for owners and operators of currency based amusement and music vending machines.

2. Upon information and belief, Defendant CMG is a corporation organized and existing under the laws of the State of New York with an address for service of process at 200 East 42nd Street, New York, New York 10017.

3. Upon information and belief, Defendant Howard Preschel is a principal of Defendant CMG, with a residence at 241 Merritt Avenue, Bergenfield, New Jersey 07621.

4. Upon information and belief, Defendant Larry Preschel is a principal of Defendant CMG, with a residence at 656 9th Avenue, New York, NY 10036.

5. Upon information and belief, and at all times mentioned herein, there existed a unity of interest in ownership between Defendant CMG and Defendants Howard Preschel and Larry Preschel, such that the individuality and separateness between them ceased and that CMG is an alter ego of Howard Preschel and Larry Preschel (individually and collectively), in that, among other things (a) Howard Preschel and Larry Preschel controlled, dominated, managed and operated Defendant CMG as their alter ego; (b) Howard Preschel and Larry Preschel make all decisions pertaining to CMG; (c) there has been a failure to comply with or observe the formalities of

corporate formation and/or operation; and (d) that the individuality of said entity should be disregarded pursuant to the doctrine of piercing the corporate veil.

6. This Court has subject matter jurisdiction under 17 U.S.C. § 101, *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Defendant CMG because Defendant CMG is domiciled in this District, and/or engages in continuous and systematic business activities in this District, and/or regularly solicits business in New York, and is registered to do business in New York.

8. This Court has personal jurisdiction over Defendant Howard Preschel because Defendant Howard Preschel engages in continuous and systematic business activities in this District, and/or regularly solicits business in New York, directly relating to the claims herein.

9. This Court has personal jurisdiction over Defendant Larry Preschel because Defendant Larry Preschel engages in continuous and systematic business activities in this District, and/or regularly solicits business in New York, directly relating to the claims herein.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because a substantial part of the actions and wrongful conduct underlying these claims occurred in this District.

## FACTUAL BACKGROUND

11. AMOA-NY is a not-for-profit membership organization providing support and advocacy

for its members, who comprise of owners and operators of currency based amusement and music vending machines.

12. AMOA-NY provides exclusive proprietary resources for its members, including the use of its proprietary Installment and Security Agreements (the "Agreements").

13. Upon information and belief, Defendants are engaged in the business of operating, leasing and renting vending machines throughout the State of New York.

14. Defendant CMG, by and through its Principals, Larry Preschel and Howard Preschel, are past members of AMOA-NY.

15.  As a condition of membership, Defendant CMG was required to pay certain membership dues to AMOA-NY.

16. As a benefit of membership with AMOA-NY, members are granted exclusive access and authority to use AMOA-NY's proprietary documents and information, including without limitation, its proprietary Installment and Security Agreements (the "Agreements").

17. In 2014, Defendant CMG's membership with AMOA-NY expired as a result of their choice not to renew, and thus Defendants were no longer authorized to use AMOA-NY's proprietary documents and information, including without limitation, its Agreements.

18. Upon information and belief, Defendants continued using AMOA-NY's Agreements without authorization, after the expiration of their membership with AMOA-NY.

19. On September 30, 2016, Defendants unlawfully used AMOA-NY's Agreements in furtherance of its business when it entered into a contract with Rosa Troche conducting business as Cupidos Rest Corp., a copy of which is attached as **Exhibit A**.

20. On September 14, 2015, Defendants unlawfully used AMOA-NY's Agreements in

furtherance of its business when it entered into a contract with Altagracia Marreru conducting business as La Caridad Rest #2, a copy of which is attached as **Exhibit A**.

21. Defendants were not members of AMOA-NY at the time they executed agreements with the parties identified herein, and thus were not authorized to use AMOA-NY's Agreements in furtherance of these business dealings.

22. Upon information and belief, Defendants entered into other deals for various locations utilizing AMOA-NY's Agreements without AMOA-NY's authorization since the expiration of their membership in 2014.

23. On November 25, 2016, AMOA-NY mailed a cease and desist letter to Defendants concerning their unauthorized use of AMOA-NY's proprietary Agreements. The cease and desist letter offered Defendants the opportunity to pay past dues as restitution for their infringing use of AMOA-NY's Agreements.

24. To date, Defendants have refused to come to an amicable resolution and, upon information and belief Defendant CMG, through their Principals Howard Preschel and Larry Preschel continue to use AMOA-NY's Agreements in furtherance of their business.

25. Defendants knew the terms and benefits of membership with AMOA-NY and knowingly infringed upon AMOA-NY's rights by continuing to use AMOA-NY's Agreements without authorization and/or compensation upon expiration of their membership. Thus, Defendants infringing actions and continued use of AMOA-NY's Agreements after the expiration of their membership constitutes willful infringement.

26. AMOA-NY owns valid copyright registrations with the United States Copyright Office (the "USCO") for the following proprietary Agreements, copies of which are collectively attached hereto as **Exhibit B**:

    a. Amusement Devices – Installation and Security Agreement (10 year) (Reg. No. TX0007554510);

    b. Amusement Devices – Installation and Security Agreement (7 year) (Reg. No. TX0007554509);

    c. Amusement Devices – Installation and Security Agreement (5 year) (Reg. No. TX0007554507);

    d. Music Machines - Installation and Security Agreement (10 year) (Reg. No. TX0007555478);

    e. Music Machines - Installation and Security Agreement (7 year) (Reg. No. TX0007554518);

    f. Music Machines - Installation and Security Agreement (5 year) (Reg. No. TX0007554515);

    g. Supplemental Agreement (Bonus A) (Reg. No. TX0007555486);

    h. Supplemental Agreement (Bonus B) (Reg. No. TX0007555488);

    i. Supplemental Agreement (Loan A) (Reg. No. TX0007555480); and

    j. Supplemental Agreement (Loan B) (Reg. No. TX0007555485).

27. Defendants were fully aware of the existence of AMOA-NY's copyright ownership in the Agreements, as evidenced by the copyright notice identifying AMOA-NY as the copyright owner of such Agreements. *See e.g.* **Exhibit B**.

### FIRST CAUSE OF ACTION
*(Copyright Infringement)*

28. Plaintiff repeats and incorporates by reference each and every allegation contained in

Paragraphs 1 -27 above.

29. At all times herein, Plaintiff has been and is still the owner, and proprietor of all rights, title and interest in and to the Agreements.

30. Defendant CMG, by and through its Principals Larry Preschel and Howard Preschel, have unlawfully used and continue to use Plaintiff's Agreements, without authorization and/or compensation, in furtherance of its business.

31. Defendants were fully aware of the existence of Plaintiff's copyright ownership in the Agreements, as evidenced by the copyright notice identifying AMOA-NY as the copyright owner of such Agreements. *See e.g.* **Exhibit B**.

32. The acts of Defendants complained of herein constitute infringement of Plaintiff's exclusive rights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

33. The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

34. As a direct and proximate cause of the infringement by the Defendants, Plaintiff has been substantially harmed.

## SECOND CAUSE OF ACTION
*(Unjust Enrichment)*

35. Plaintiff repeats and incorporates by reference each and every allegation contained in Paragraphs 1 -27 above.

36. Plaintiff's Agreements are made available only to active members of Plaintiff's

organization. Membership with the Plaintiff's organization and use of Plaintiff's Agreements during the course of business dealings provides a member's prospective customer with an assurance of that member's good standing in the industry.

37. Defendants' membership expired and thus Defendants were no longer authorized to exercise the privileges granted to Plaintiff's members, including but not limited to the use of Plaintiff's Agreements.

38. Nonetheless, Defendants unlawfully continued to hold themselves out as members of Plaintiff's organization by using and continuing to use Plaintiff's Agreements in their business dealings, thereby obtaining a commercial and reputational benefit at Plaintiff's expense.

39. Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants, as follows:

1. Granting Plaintiff a permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendants, together with their respective officers, agents, assigns, successors and attorneys, and all other persons acting in concert with any of them:

> i. from directly or indirectly infringing in any manner on any of Plaintiff's copyrights, including, without limitation, Plaintiff's Agreements; or
>
> ii. from causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiff's copyrights, including, without limitation, Plaintiff's Agreements; or

2. Ordering the destruction or other reasonable disposition of all infringing Agreements

pursuant to 17 U.S.C. § 503;

3. Directing Defendants to account for and pay over to Plaintiff all gains and profits derived by Defendants as a consequence of the infringement of Plaintiff's Agreements, pursuant to 17 U.S.C. § 504;

4. Awarding statutory damages against Defendant pursuant to 17 U.S.C. 504(c), increased to the maximum extent permitted by law upon a finding of willful infringement pursuant to 17 U.S.C. 504(c)(2);

5. Awarding Plaintiff's all attorney's fee in investigating, seeking to resolve, bringing, and prosecuting this action pursuant to 17 U.S.C. 505;

6. Awarding Plaintiff's pre and post judgement interest on any monetary award, including any award of attorney's fees; and

7. Awarding Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this instant controversy.


Dated: New York, New York
       January 18, 2017

                                Respectfully Submitted,

                                GRANT ATTORNEYS AT LAW PLLC


                                By: _____
                                Kristin Grant (KG0303)
                                125 Park Avenue, 25th Floor
                                New York, NY 10017
                                T: 212-520-6633
                                F: 646-952-7733

*Attorneys for Plaintiff*

- 10 -